UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE DENISE POINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV1067 SNLJ |
| | ) |
| AT&T, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. The Court previously ordered plaintiff to show cause why this action should not be dismissed as time-barred. Plaintiff has failed to respond to the Order. After reviewing this case, the Court has determined that this action must be dismissed as time-barred.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case may be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., for alleged workplace harassment due to her race, sex, and age. Plaintiff has filed a copy of her EEOC right to sue letter; the right to sue letter

was mailed to plaintiff on November 8, 2010. Plaintiff filed this lawsuit on June 14, 2011.

A plaintiff in a Title VII action has ninety days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period in this case elapsed on approximately February 6, 2011. Plaintiff did not file her suit until more than four months after the ninety-day period ended. As a result, the complaint is time-barred.[1]

Accordingly

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this  21st  day of July, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Although plaintiff was issued a right to sue letter by the MHRA on March 16, 2011, her MHRA claims are state law claims and do not provide a jurisdictional basis for filing in this Court